IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| CHRIS ANSELMO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE WEST PACES HOTEL GROUP, LLC; WPHG DAUFUSKIE HUMAN RESOURCES, LLC; WILLIAM R. DIXON, JR., individually; GAYLE BULLS DIXON, individually; and HORST H. SCHULZE, individually,<br><br>Defendants. | Civil Action No. 9:09-cv-2466-MBS-BM<br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

This action was originally filed by the Plaintiff, pro se, in the South Carolina Court of Common Pleas, Fourteenth Judicial Circuit, and was removed to this United States District Court by the Defendants West Paces Hotel Group, LLC (WPHG), WPHG Daufuskie Human Resources, LLC (DHR), and Horst H. Schulze, individually (Schulze) on September 18, 2009. The pro se Defendant Gayle Bulls Dixon ("G. Dixon") filed a motion to dismiss under Rule 12(b) for lack of personal jurisdiction and insufficient service of process on February 16, 2010. Plaintiff filed a memorandum in opposition to the motion on February 19, 2010, following which G. Dixon filed a reply memorandum on March 8, 2010. This Defendant G. Dixon's motion is now before the Court



1

for disposition.[1]

In her motion, G. Dixon contends that she was not timely served with the Complaint in this action.[2] Rule 4(m), Fed.R.Civ.P. states,

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

G. Dixon has submitted documents showing that she was served with the Complaint one hundred and sixty two (162) days after the Complaint was filed.

Plaintiff contends that the motion should be denied on two grounds: (1) service of the original Complaint was timely based on a showing by the Plaintiff of good cause for failure to comply with the 120 day service requirement; and (2) service of the Amended Complaint[3] was timely and preempts the original Complaint. In her reply memorandum, Defendant G. Dixon contends that the Plaintiff did not attempt service of the original complaint at her proper address, that she was not served with the original complaint until January 28, 2010, and that she has never been served with the Amended Complaint. However, Plaintiff filed Affidavits of Service on February 17, 2010, attesting that case documents, including the Amended Compliant, were served

---

[1] As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] Although G. Dixon references both lack of personal jurisdiction and insufficient service of process in her motion, the only argument addressed by the parties in their memoranda pertains to insufficient service of process. Accordingly, that is the only issue before the Court in this motion and addressed herein.

[3] The Amended Complaint in this action was filed on November 25, 2009.

2



on G. Dixon on January 28, 2010.  See Court Docket Number 54.[4]

In any event, with regard to the timeliness of service, Plaintiff has submitted copies of multiple attempts to locate and serve this Defendant, and contends that he has shown good cause for any delay in service through the various earlier attempts at service on G. Dixon at different addresses as set forth in Plaintiff's exhibits.   Further, even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service; Henderson v. United States, 517 U.S. 654, 663 (1996); Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996); Giacomo-Tano v. Levine, No. 98-2060, 1999 WL 976481 at *1 (4th Cir. Oct. 27, 1999); and based on the facts in this case, the undersigned finds that an extension of time for service is appropriate.

Therefore, it is **recommended** that Plaintiff be retroactively granted a forty-two (42) day extension of time in which to serve G. Dixon, and that Defendant's motion to dismiss be **denied**. Parker v. Magna Innertech-Spartanburg, No. 09-773, 2009 WL  5178014 at * 2 (D.S.C. Dec. 29, 2009).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 13, 2010
Charleston, South Carolina

---

[4]Out of an abundance of caution, the Clerk is also directed to attach to this Report and Recommendation a copy of the Amended Summons and Amended Complaint.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

